IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR335** |
| **Plaintiff,** | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **SHERMAN FOSTER,** | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 34, 35). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement includes an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) requiring a sentence of 15 years with supervised release to follow, and requiring that the federal term of imprisonment be served concurrent with a state court sentence. The parties agreed that the agreement was intended to obviate issues such as drug quantity, role, criminal history category, and other potential sentencing issues.

The PSR indicates that the Defendant is a career offender in a sentencing guideline range of 262-327 months, based on placement in total offense level 36 and criminal history category VI.

The parties object to the PSR insofar as it is inconsistent with the Rule 11(c)(1)(C) plea agreement. The government specifically objected to ¶ 105. The Court's tentative

findings are that the PSR is correct; however, the Rule 11(c)(1)(C) provision will be discussed at sentencing.

IT IS ORDERED:

1. The Defendant's objections to the Presentence Investigation Report (Filing No. 34) are held in abeyance pending sentencing;

2. The government's objections to the Presentence Investigation Report (Filing No. 35) are held in abeyance pending sentencing;

3. The Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 4th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge